### Ex parte Luis Ramos, Petitioner.

Decided June 24, 1938.

The petitioner appeared by brief.

Mr. Justice Travieso delivered the opinion of the court.

Luis Ramos, the petitioner herein, applied to this court on March 12, 1938, to take the bar examination for the practice of law in the insular courts.

It appears from the petition that the said Luis Ramos secured on June 4, 1937, a law diploma from the Chattanooga College of Law, State of Tennessee, and he relies on the said diploma for his alleged right to take the examination as required by law.

The right to practice law in the courts of this island is governed by Act No. 38, approved April 13, 1916. Sec-

tion 2 of this act, as amended by Act No. 1 of March 21, 1933, prescribed the requisites to be complied with by such applicants as had not theretofore been admitted but who have, however, graduated from an accredited university or law school, either national or foreign.

Said section, textually transcribed, reads as follows:

"All persons not heretofore admitted to practice law in this Island, as prescribed in section 1 of this Act, but who shall have obtained a diploma as attorney-at-law in any *accredited* national or foreign university or school, shall be admitted to practice law in the courts of Puerto Rico after complying with the following requirements, if they prove to the satisfaction of the examiner that they are citizens of the United States of America:

"*    *    *    *    *    *    *"

(Italics ours.)

This court has not so far specified which universities shall be considered as "accredited" for the purpose of this law. Nor has it established any standard to be guided by, but it considers that it must do it now for a better compliance with the law and in order to raise the standard and the prestige of the Bar in Puerto Rico. However, as it has not within reach the means and facilities required in order to ascertain which schools of law deserve to be considered "accredited", as required by law, it decides, as regards the United States of America, to make it a rule that it will only consider as "accredited" such schools as have been approved and marked "A" by the Council of Legal Education of the American Bar Association.

The Chattanooga College of Law, from which the petitioner graduated, does not appear in the roll of law schools approved and marked "A" by the aforesaid Council of Legal Education of the American Bar Association. However, in view of the fact that the petitioner commenced the study of law in the above school after this court had allowed other graduates from the aforesaid college to take an examina-

tion and that he obtained his diploma prior to the passage of this resolution, this court decided to allow him to take the examination by the Board of Law Examiners held on March 28, 1938.